Stuart Price, Esq. (SBN: 150439)
**Price Law Group, APC**
15760 Ventura Blvd., Suite 800
Encino, CA 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
stuart@pricelawgroup.com
*Attorney for Plaintiff,*
*Keli Parker*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| KELI PARKER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PETERS & FREEDMAN, LLP; AND<br><br>DISCOVERY AT CORTEZ HILL<br><br>HOMEOWNERS ASSOCAITION,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **FDCPA, 15 U.S.C. § 1692** *et seq.***; and**<br>2. **CAL. CIV. CODE § 1788** *et seq.*<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1. Plaintiff Keli Parker ("Plaintiff"), by and through her attorneys, brings this action to secure redress from unlawful debt collection practices engaged in by Defendants Peters and Freedman, LLP ("P&F") and Discovery at Cortez Hill Homeowners Association ("Discovery"). Specifically, Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

COMPLAINT

and the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788 *et seq.* ("RFDCPA").

## VENUE AND JURISDICTION

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy." The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

## PARTIES

4. Plaintiff Keli Parker is a natural person who resides in City of Irvine, County of Orange, California.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. Defendants are "debt collectors" as defined by CAL. CIV. CODE 1788.2(c).

8. Defendant, Peters & Freedman, LLP, is a California Limited Liability Partnership with its address at 191 Calle Magdalena, Suite 220, Encinitas, CA 92024.

9. Defendant, Discovery at Cortez Hill Homeowners Association, is a California Non-Profit Mutual Benefit Corporation with its address at 15241 Laguna Canyon Road, Irvine, CA 92618.

10. Defendant Discovery can be served through its agent, Saltarelli Law Corporation, at 100 Bayview Circle, Suite 500, Newport Beach, CA 92660.

COMPLAINT

11. Defendants are entities which engaged in the practice of collecting consumer debt and therefore are "debt collectors" under the FDCPA, 15 U.S.C. § 1692a-(6), as well as the RFDCPA, CAL. CIV. CODE § 1788.2(c).

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

13. Plaintiff is informed and believes, and on that basis, alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. On or about September 17, 2004, Plaintiff took title to a condo ("Property") in San Diego, CA.

15. Plaintiff was responsible for paying HOA dues ("Account") monthly, which were assessed by Discovery.

16. In or around April 2007, Plaintiff began experiencing financial troubles.

17. On or about October 2, 2007, Plaintiff filed Chapter 7 Bankruptcy.

18. The Account was listed on Plaintiff's Schedule D.

19. Shortly thereafter, Defendant Discovery was sent notice of Plaintiff's Bankruptcy.

20. Plaintiff's Bankruptcy was discharged on January 7, 2008, including all HOA dues prior to January 2008.

21. Shortly after Plaintiff's bankruptcy her property went into foreclosure.

22. Defendant Discovery filed a lien against the property on January 14, 2008 for HOA dues and fees.

23. The foreclosure Trustee sold Plaintiff's Property in or around July 10, 2008.

COMPLAINT

24. Upon information and belief, Discovery was reimbursed for its lien for HOA dues and fees through January 14, 2008.

25. Despite the Account being partially discharged, the lien paid, and Plaintiff no longer owning the Property, Defendant Discovery continued collection efforts for an amount not owed by Plaintiff.

26. Plaintiff was only responsible for the HOA dues that accrued from January 2008 through July 2008 totaling $5,056.61.

27. Discovery, through P&F, filed suit May 9, 2012, one month prior to the statute of limitations expiring.

28. The suit was dismissed on November 15, 2012.

29. Yet, Discovery, through P&F, filed a subsequent lawsuit, **after the statute of limitations**, against Plaintiff on May 9, 2013, alleging an unlawful amount owed of $15,363.95.

30. Sometime thereafter, Defendant Discovery obtained an unlawful Default judgment against Plaintiff.

31. Defendants, armed with their unlawful judgment, garnished Plaintiff's bank account on August 17, 2016, for $1,098.86.

32. The unlawful garnishment caused Plaintiff to overdraft her account resulting in humiliation because her credit card and car loan went unpaid for **THIRTEEN** (13) days.

33. Plaintiff, having recovered from her financial hardship in 2007, was shocked to learn of the judgment following her bankruptcy.

34. Defendant P&F's actions caused Plaintiff to incur overdraft fees and late payment fees.

35. Plaintiff was forced to use credit cards to pay for food and gas while Defendant unlawfully retained her money.

COMPLAINT

36. Plaintiff did not gain access to the unlawfully garnished funds until August 30, 2016, when P&F reversed the garnishment.

37. However, P&F did not reverse $125 of the $1,098.86 because they claimed the amount as legal fees for initiating the garnishment.

38. Defendants' conduct has caused Plaintiff a great amount of mental stress.

39. As a result of Defendants' conduct, Plaintiff has suffered actual damages and, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

## COUNT I – FIRST CLAIM FOR RELIEF
## DEFENDANT PETERS & FREEDMAN VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. §1692 *et. seq.*

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. 15 U.S.C. § 1692d states that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

42. 15 U.S.C. § 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

43. Defendant violated § 1692d by garnishing Plaintiff's bank account, the natural consequence of which was to harass Plaintiff.

44. Defendant violated § 1692e(2)(A) by falsely representing the amount of the debt.

45. Defendant violated § 1692e(10) by using false representations or deceptive means to collect or attempt to collect the debt.

46. Plaintiff did not owe the entirety of debt because it was partially discharged in bankruptcy.

- 5 -

COMPLAINT

47. Defendant's acts were done intentionally to induce Plaintiff to pay a debt she did not owe.

48. Defendant was aware that Plaintiff entered into, and was discharged, from bankruptcy.

49. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff under 15 U.S.C. § 1692k for actual damages, statutory damages, and attorney's fees and costs.

### COUNT II – SECOND CLAIM FOR RELIEF
### ALL DEFENDANTS VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, (RFDCPA), CAL. CIV. CODE § 1788 *et. seq.*

50. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

51. California Civil Code § 1788.10(e) states that no debt collector shall collect or attempt to collect a consumer debt by means of threat to any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, **garnishment**, attachment or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law.

52. Defendants violated § 1788.10(e) by garnishing Plaintiff's bank account for an amount they were not entitled to.

53. California Civil Code § 1788.10(f) states that a debt collector may not make a threat to take any action against debtor which is prohibited by the RFDCPA.

54. California Civil Code § 1788.17 states that every debt collector collecting or attempting to collect a consumer debt shall comply with the FDCPA, 15 U.S.C. § 1692b-j, inclusive, and shall be subject to the remedies of § 1692k therein.

55. Defendant P & F violated § 1788.17 by harassing Plaintiff in its efforts to collect on the debt.

- 6 -

COMPLAINT

56. Defendants willfully and knowingly violated the RFDCPA when it attempted to collect a debt from Plaintiff that was misrepresented and partly discharged in bankruptcy.

57. Defendants willfully and knowingly violated the RFDCPA when they filed a lawsuit against Plaintiff for an amount not legally owed and after the statute of limitations expired.

58. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff under CAL. CIV. CODE § 1788.30 for actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and CAL. CIV. CODE § 1788.30(a);

B. Statutory damages of $1000.00 pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692k(a)(2);

C. Statutory damages of $1000.000 pursuant to the Rosenthal Fair Debt Collections Practices Act, CAL. CIV. CODE § 1788.30(b);

D. Punitive damages;

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, and CAL. CIV. CODE § 1788.30; and

F. Such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

COMPLAINT

1

       PLEASE TAKE NOTICE that Plaintiff, Keli Parker, demands trial by jury in this

2

action.

3

RESPECTFULLY SUBMITTED,

4

5

DATED: April 6, 2017                     **PRICE LAW GROUP, APC**

6

                                     By:  /s/Stuart Price

7

                                   Stuart Price (SBN 150439)

8

                                   P: 818-907-2133
F: 866-401-1457

9

                                   stuart@pricelawgroup.com
*Attorneys for Plaintiff*

10

                                   *Keli Parker*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT