# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| KELI PARKER,<br><br>Plaintiff,<br><br>v.<br><br>PETERS & FREEDMAN, LLP et al.,<br><br>Defendants. | Case No. SA CV 17-0667-DFM<br><br>Order Granting in Part Plaintiff's Motion for Attorney's Fees (Dkt. 115) |

Before the Court is Plaintiff's Motion for Attorney's Fees and Costs. Dkt. 115 ("Motion"). Having considered all of the papers filed, the Court GRANTS Plaintiff's motion, subject to the limitations discussed below.

## I. BACKGROUND

Plaintiff Keli Parker filed this action against Defendants Peter & Freedman, LLP ("P&F") and the Discovery at Cortez Hill Homeowners Association ("the HOA") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788, et seq. See Dkt. 1.

Plaintiff and the HOA settled for $3,000 in September 2017. See Dkt. 40. In December 2017, Plaintiff reached out to P&F about settlement but received no response. See Motion at 6-7, Ex. 4. On January 31, 2018, Plaintiff again

inquired about settlement, and noted that fees were now "significant." Id. at 7, Ex. 6. The next day, Plaintiff's counsel stated that he had authority to settle the case for $16,000 inclusive of fees and costs. Id. at 7-8, Ex. 7. Several days later P&F stated their intention to move for summary judgment. Id. at 8, Ex. 8. In response, Plaintiff withdrew the settlement offer. Id.

On April 7, Plaintiff made another settlement offer of $50,000 to cover attorney's fees plus "an additional $7,500 for our client & vacating the state court judgment so our client is not forced to hire us to bring a motion to do so." Dkt. 122-1, Declaration of David Peters ¶ 6, Ex. Q. Two days later, the Court granted Plaintiff's motion for partial summary judgment, finding that P&F violated § 1692e of the FDCPA by filing a time-barred collections action. See Dkt. 61.

Later in April, Plaintiff offered to stipulate to $35,000 in damages, or, in the alternative, settle the case for $80,000 inclusive of all attorney's fees and costs. See id. ¶ 7, Ex. E. In May, P&F wrote Plaintiff, explaining that it did not have the ability to vacate the underlying state-court judgment or compel Discovery to do so. See id. ¶ 10, Ex. H. Plaintiff later offered to stipulate to $25,000 in damages, and then $20,000. See id. ¶¶ 8, 9, Exs. F, G. P&F rejected both offers and the parties prepared for trial.

At a September pre-trial conference, Plaintiff's counsel told the Court that Plaintiff intended to pursue damages in the amount of the state-court judgment. See id. ¶ 20, Ex. R at 4:21-8:25. The next day, the Court ordered Plaintiff to provide an itemized computation of damages. See Dkt. 91. To the extent Plaintiff sought damages related to the state-court judgment, Plaintiff was required to "specify how such damages would be computed and the legal basis for bringing any further damages." Id. Plaintiff's subsequent disclosure did not identify any damages related to the state-court judgment, leading the

Court to preclude Plaintiff from seeking those damages at trial. See Dkts. 92, 98.

On October 4, after the jury was empaneled and sworn, Plaintiff and P&F settled for $11,000. See Dkts. 104, 109. The parties agreed in the settlement agreement and on the record that P&F would pay reasonable attorney's fees and costs. See Motion at 3. On October 30, Plaintiff offered to settle its attorney's fees for $115,000.00. See Peters Decl. ¶ 24, Ex. V. P&F rejected this offer.

Having reached an impasse, Plaintiff filed the instant motion, seeking $136,970.00 in attorney's fees, $4,050.00 in paralegal fees, and $1,650.11 in costs, totaling $142,670.11. In opposition, P&F does not challenge counsels' rates or billing practices. Instead, P&F asks the Court to deny or reduce the award to no more than $16,000 because Plaintiff prolonged this litigation by its persistent demand that P&F resolve, extinguish, and later pay the state-court judgment.

## II. LEGAL STANDARD

Both the FDCPA and the RFDCPA authorize an award of costs and reasonable attorney's fees in a successful action to enforce liability for a violation of the Acts. See 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c).

The Ninth Circuit has adopted the use of the "lodestar" method for determining reasonable attorney's fees in FDCPA cases. See Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1148 (9th Cir. 2001). Under the lodestar method, a reasonable attorney's fee is determined by multiplying the number of hours reasonably expected on the litigation by an attorney with the attorney's reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Although the lodestar figure is presumptively a reasonable fee award, a district court "may, if circumstances warrant, adjust the lodestar to account for

3

other factors which are not subsumed within it." Ferland, 244 F.3d at 1149 n.4. A court must articulate its reasoning in evaluating the propriety of an hourly rate or hours claimed and in adjusting the hourly rate, hours claimed, or lodestar amount. See id. at 1148.

## III.  DISCUSSION

The Court first considers P&F's argument that the Court should deny or substantially reduce Plaintiff's fee award. The Court then addresses the propriety of Plaintiff's requested hourly rates, followed by the number of hours worked.

### A.  **Denial of Fee Award**

P&F contends that the "hallmark of this litigation" has been Plaintiff's persistent attempt to procure damages from P&F stemming from the state-court judgment. According to P&F, this litigation would have ended much sooner had Plaintiff not been so attached to its legally baseless position.

P&F's suggestion that the Court should deny attorney's fees entirely is a non-starter. "The FDCPA's statutory language makes the award of fees mandatory." Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1032 (9th Cir. 2012). "The reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." Id. (citation omitted). Plaintiff's conduct does not constitute the sort of "special circumstances" that have warranted denials in other fee-shifting contexts. See, e.g., Hensley, 461 U.S. at 429 (holding that a prevailing plaintiff in a civil rights action should recover fees "unless special circumstances would render such an award unjust").

The Court does find that a small reduction is appropriate. Several of Plaintiff's settlement offers and damage stipulations appear to have included the state-court judgment in some way, shape, or form. Indeed, Plaintiff offered to stipulate to $35,000 in damages in April 2018, more than triple the $11,000

4

that Plaintiff ultimately received. Plaintiff's wrong-headed contention that the extinguishing the state-court judgment should be part of a settlement appears to have hindered settlement and consequently prolonged resolution of the conflict.

On the other hand, P&F is not entirely blameless. Plaintiff's Motion spends several pages setting out the efforts it made to settle this case before attorney's fees became significant. See Motion at 5-10. These attempts mostly fell on deaf ears. See id., Exs. 4-7.

In sum, both parties failed to take actions that might have ended this case much sooner. Consequently, the Court will reduce the lodestar amount for time spent by counsel related to damages. This was not an easy task given the time records, but the Court was able to identify approximately 8.6 hours that fell into this category: 6.0 from Chami and 2.6 from Price.[1] The Court eliminates these hours.

**B.     Reasonableness of Hourly Rate**

A reasonable hourly rate is determined by the prevailing rate in the community for similar work by attorneys of comparable skill, experience, and reputation. See Blum v. Stenson, 465 U.S. 886, 895 & n.11 (1984); Van Skike v. Dir. of Office of Workers' Comp. Programs, 557 F.3d 1041, 1046 (9th Cir. 2009).

Plaintiff has submitted time records for work billed on this case by three attorneys: Stuart M. Price at $600.00 per hour, David A. Chami at $500.00 per hour, and Brian J. Brazier at $400.00 per hour. Motion at 4-5. Additionally, counsel's paralegals billed at $150.00 per hour. Id. at 5. In support of the

---

[1] The Court notes that Plaintiff's Motion lists Chami at 204.2 hours billed, whereas the attached billing records show 200.2 hours billed. The Court dusted off its calculator to determine the correct number: 204.2.

claimed rates, each attorney attests to his qualifications. See id. at 18-19. Plaintiff also submits a declaration of Ronald Wilcox, a California attorney who avers that he is experienced in consumer litigation. See Dkt. 119. He attests that Chami's rate is reasonable. See id. In addition, Plaintiff contends the requested rates are reasonable as determined by the Real Rate Report, which states that partners in Los Angeles doing consumer services have an hourly rate ranging from $340 to $675. See Motion at 15-16.

These rates give the Court considerable pause. Notably, neither Price nor Brazier direct the Court to any cases in which their respective rates were approved, whereas Chami cites to one case where he was approved at $400. Moreover, the Court is also skeptical whether average rates for partners in consumer services accurately capture FDCPA work. Nevertheless, given the absence of any opposition from P&F, the Court will move forward with the rates sought by counsel.

**C.** **Reasonableness of Hours Expended**

The fee applicant bears the initial burden of substantiating the rate claimed and the hours worked. See Hensley, 461 U.S. at 437; Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir. 2007). Courts may exclude hours from the lodestar calculation if the time has not been reasonably expended, i.e. hours that are excessive, redundant, or otherwise unnecessary. See Hensley, 461 U.S. at 434. Even if the opposing party has not objected to the time billed, as is the case here, "the district court may not uncritically accept a fee request, but is obligated to review the time billed and assess whether it is reasonable." De Amaral v. Goldsmith & Hull, No. 12-3580, 2014 WL 1309954, at *3 (N.D. Cal. Apr. 1, 2014) (citing Sealy, Inc v. Easy Living, Inc., 743 F.2d 1378, 1385 (9th Cir. 1984)).

While P&F has not challenged the reasonableness of the hours spent, the Court has reviewed Plaintiff's counsels' billing records and the entire docket in

this case and has several concerns as to the reasonableness of the hours included in the lodestar. Much of the time spent on clerical or menial tasks is excessive. The timesheets are full of 0.2 and 0.3 hour entries for filing documents—tasks that should have taken no more than a minute or two. As another example, Chami billed 1.5 hours "search[ing] for" an attorney who was involved in the state- court lawsuit. <u>See</u> <u>id.</u> This is an excessive amount of time for a task that should have been completed by a paralegal.

The Court is also concerned with the sheer number of hours spent by counsel on substantive tasks. In particular, counsel spent almost 40 hours on Plaintiff's motion for summary judgment. But the motion is brief and not particularly complicated, including a six-page argument section devoted mostly to setting out elements of an FDCPA violation. <u>See</u> Dkt. 51. As another example, Chami spent 1.3 hours preparing and filing Plaintiff's "supplemental disclosure regarding Emotional Distress Damages." The filed document, however, is barely two pages and consists of a few string cites and lists statutory penalties. <u>See</u> Dkt. 92. The Court also has concerns about the 13.2 hours spent on this motion, which is mostly boilerplate. <u>See</u> Motion.

Several other entries strike the Court as problematic, including multiple long telephone calls with the client. Rather than go through each individual entry, the Court believes that a 20% reduction across the board is appropriate. The new lodestar is as follows:

| Name | Rate | Hours Billed | Total |
|---|---|---|---|
| Price | $600.00 | 44.8 | $26,880.00 |
| Chami | $500.00 | 158.6 | $79,300.00 |
| Brazier | $400.00 | 7.5 | $3,000.00 |
| Paralegals | $150.00 | 21.6 | $3,240.00 |
| | | | **$112,420** |

### D. Costs

The FDCPA allows for an award of "the costs for the action." 15 U.S.C. § 1692k(a)(3). Plaintiff seeks costs in the amount of $1,650.11. P&F does not contest this number. The Court awards the full amount requested.

### IV. CONCLUSION

The Court GRANTS Plaintiff's application in part. Attorney's fees are awarded in the amount of $112,420 and costs are awarded in the amount of $1,650.11 for a total of $114,070.11.

Date: January 11, 2019

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge